UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| ANTHONY TANKERSLEY, | ) | |
| | ) | |
| | ) | Civil No. 14-10-GFVT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| MARTINREA HEAVY STAMPINGS, INC., | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Anthony Tankersley is a former employee of Martinrea Heavy Stampings, Inc., who alleges that he was injured on the job and is now substantially limited in his ability to work and live a normal life. [R. 1-3 at 5.] Following his injury, Tankersley was terminated from employment. [*Id.* at 2-3.] He now alleges that his termination was wrongful and sues Martinrea for compensatory and punitive damages.

**I**

On February 4, 2014, Tankersley filed suit against Martinrea in Shelby County Circuit Court, seeking an unspecified sum of damages to compensate for past and future lost wages, past and future lost benefits, emotional distress, mental anguish, humiliation, and embarrassment. [R. 1-3 at 7.] Additionally, Tankersley seeks punitive damages, attorney's fees, costs and expenses. [*Id*.] On February 21, Martinrea removed that action to this Court on the basis that "Plaintiff's allegations, if proven, could entitle him to compensatory damages more likely than not in excess of $75,000.00." [R. 1 at 3.] Four

days later, Tankersley filed a Motion to Remand.[1] [R. 4.] Attached to that Motion was a Stipulation of the same date:

> Plaintiff expressly asserts in the above cause of action, and any subsequent action(s), that Plaintiff will not seek or accept an award of damages in excess of $74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief.

[R. 4-1 (emphasis in original).] Martinrea argues that the reasonable value of Tankerley's damages exceeds $75,000 and that Tankersley's post-removal stipulation is ineffective in defeating the jurisdiction of this Court as it is not an unequivocal statement limiting damages. [R. 10.] The Court invited the parties to provide additional briefing on whether the Supreme Court's decision in *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224 (2007) abrogates the rule espoused in *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000), that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." [R. 11.] Having received that additional briefing, and the Court now being fully informed, this case will be remanded to Shelby Circuit Court.

## II

### A

A defendant may remove a civil action from state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties who are "citizens of different States." *See*

---

[1] Tankersley's Motion to Remand asked this Court to remand the action back to Jefferson Circuit Court. [R. 4.] The Court assumes this is a clerical error as the case was removed from Shelby Circuit Court.

2

28 U.S.C. § 1332(a)(1). In this case, the primary dispute is over whether the $75,000 amount in controversy requirement has been satisfied.[2]

A Court considers whether federal jurisdiction existed at the time of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996); *Rogers*, 230 F.3d at 872 (additional citations omitted). Because federal courts are courts of limited jurisdiction, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted). The defendant bears the burden of showing that removal was proper. *Fenger v. Idexx Laboratories*, 194 F. Supp. 2d 601, 602 (E.D. Ky. 2002) (citations omitted).

The Kentucky Rules of Civil Procedure prohibit plaintiffs from articulating the specific amount that they seek to recover in their complaint. *See* Ky. R. Civ. P. 8.01(2) ("In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court...."). As a result of this rule, Federal Courts sitting in Kentucky are often confronted with state court complaints that fail to pray for a specific amount of monetary relief. To further complicate the situation, Kentucky Rule of Civil Procedure 54.03 provides that plaintiffs may actually recover more in damages than they seek in their complaint. Ky. R. Civ. P. 54.03 ("[E]very final judgment shall grant the relief to which the party in whose favor it

---

[2] The Court notes that Tankerlsey's motion to remand only addresses the issue of the amount in controversy. In a single paragraph in Plaintiff's reply brief there is an allegation that Martinrea is non-diverse. [R. 12 at 2.] Due to the Court's finding that remand is appropriate on other grounds, it is unnecessary for the Court to consider the issue of complete diversity.

3

is rendered is entitled, *even if the party has not demanded such relief in his pleadings.*") (emphasis added). Thus, even if a plaintiff could state the amount of damages sought in his complaint, that would serve as no guarantee to a defendant that the ultimate award would not be in excess of that amount.

A recent amendment to 28 U.S.C. § 1446 sheds some light on how the amount in controversy should be ascertained in jurisdictions like Kentucky, where one or both of the aforementioned procedural rules makes that determination more difficult. When "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," removal is appropriate if "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B); *see also MacKenzie v. GGNSC Stanford, LLC,* CIV.A. 13–344–KSF, 2013 WL 6191853 at * 2 (E.D. Ky. Nov. 26, 2013); *Proctor v. Swifty Oil Co., Inc.,* 2012 WL 4593409, * 2 (W.D. Ky. Oct. 1, 2012). Thus, because the burden is on the defendant seeking removal, Martinrea must initially show by a preponderance of the evidence that the amount in controversy exceeds this Court's jurisdictional minimum of $75,000. Assuming this is done, the Court must then consider whether Tankersley's post-removal stipulation effectively defeats the jurisdiction of this Court by unequivocally limiting damages below the jurisdictional threshold. *See Jester v. Kenco Logistics Servs., LLC*, 2013 WL 6072994 at *1 (W.D. Ky. Nov. 18, 2013)

**B**

When a complaint fails to pray for a particular amount of monetary relief, the burden is on the defendant to show, by a preponderance of the evidence, that it is more

likely than not that more than $75,000 is at issue. *Rosenstein v. Lowe's Home Centers, Inc.*, 2007 WL 98595, at *1 (E.D. Ky. 2007) (citations omitted). Martinrea argues that Tankersley's claims could easily surpass this threshold. [R. 10 at 2-5.] Tankersley seeks the following, unspecified damages:

- Compensatory damages including but not limited to past and future lost wages and past and future lost benefits;
- Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;
- Punitive damages to punish and deter similar future unlawful conduct;
- Statutory interest on all damage awards, verdicts or judgments.

[R. 1-3 at 7.] Martinrea goes to great lengths in their briefing to place actual dollar amounts on the above demands and concludes that the above claims could easily surpass $75,000. [R. 10 at 4-5.] They reasonably project that "it would only take twenty-one (21) months for Plaintiff's alleged past and future lost wages and past and future lost benefits to exceed $75,000." [*Id.* at 4.] They argue that punitive damages alone could exceed $172,000. [*Id*.] The Court agrees with this assessment. It is more likely than not that more than $75,000 is at issue in this case. This determination, however, has no bearing on the ultimate question of remand unless the Court also finds that Tankersley's post-removal stipulation is ineffectual. It is to this question that the Court now turns.

Martinrea attacks Tankersley's post-removal stipulation on two grounds. First, it suggests that the stipulation reduces, rather than clarifies, the amount in controversy. [R. 10 at 5-6; R. 13 at 2-3.] Second, Martinrea argues that the stipulation is not *unequivocal* and so it must fail. [R. 10 at 6.] The Court disagrees with both assertions.

1

Plaintiffs commonly attempt to defeat federal jurisdiction through the use of post-removal stipulations, but not all such stipulations defeat jurisdiction. In the Eastern

District of Kentucky, Courts distinguish stipulations that *reduce* the amount in controversy from those that c*larify* the amount in controversy.

First, it has been a longstanding rule in the Sixth Circuit that "a post-removal stipulation <u>reducing</u> the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) (emphasis added). The decision in *Rogers* is consistent with the rule that subject matter jurisdiction is determined at the time of removal and that events happening after removal cannot defeat the Court's subject matter jurisdiction. *Id*. Questions have been raised, however, about whether *Rogers*, 230 F.3d at 868, survives the Supreme Court's 2007 holding in *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007), where it was held that "a case can be properly removed and yet suffer from a failing in *subject-matter jurisdiction* that requires remand." Despite the relative clarity of this statement, district courts' decisions following this proclamation are far from uniform.

Many district courts in the Sixth Circuit have subsequently determined that *Powerex* abrogates *Rogers*. *See Roberts v. A & S Bldg. Sys., L.P.*, 3:07-CV-413, 2008 WL 220627 (E.D. Tenn. Jan. 25, 2008) (Holding that *Rogers* is abrogated by *Powerex Corp*. "[b]ecause the amount in controversy must exceed $75,000 for this court to have diversity jurisdiction, it therefore follows that a stipulation post-removal requires this court to remand under § 1447(c). This is so even where, as here, defendants initially met their burden of demonstrating that removal was proper because the amount in controversy exceeded $75,000."); *Captain v. Wal–Mart Stores East, Inc.,* No. 10–501, 2010 WL 4875702, at *1 (S.D. Ohio Oct.7, 2010) (recognizes *Rogers* was abrogated by *Powerex* and then remands case after plaintiff stipulates, post-removal, that her total damages will

not exceed $75,000); *Stratton v. Konecranes, Inc.,* No. 5:10–CV–66, 2010 WL 2178544, at *3 (E.D. Ky. May 28, 2010) (recognizing that Powerex abrogated Rogers but ultimately denied remand since the plaintiffs failed to rebut defendants' claim that the amount in controversy more likely than not exceeded $75,000 and also refused to stipulate to a lesser amount of damages); *Brown v. Cabell Fin. Corp.,* No. 5:05–CV–962, 2010 WL 1486486, at * 1 (N.D. Ohio Apr.13, 2010) (noting that *Powerex* abrogated *Rogers*); *Lowe v. Fountain Forestry, Inc.,* No. 3:08–CV–08, 2008 WL 276486 at *FN 1 (E.D. Tenn. 2008) (same); *Ewing Grp., Inc. v. Deltacom, Inc.*, 2009 WL 3817293 (E.D. Tenn. Nov. 13, 2009) (same).

In contrast, a few Courts have expressly held that *Powerex* does not abrogate *Rogers*. *See Miller v. Volkswagen of Am., Inc.,* 889 F. Supp. 2d 980, 987 (N.D. Ohio 2012) ("A careful reading of *Powerex* shows it did not abrogate *Rogers*."); *Labuy v. Peck*, 790 F. Supp. 2d 601, FN 1 (E.D. Ky. 2011) ("*Powerex,* however, did not address jurisdiction under 28 U.S.C. § 1332, and, thus, did not address the requirement that this court must evaluate the amount in controversy as the complaint stood at the time of removal."); *Driscoll v. Wal-Mart Stores E., Inc.*, 2009 WL 2169134 (S.D. Ohio July 16, 2009) <u>report and recommendation adopted,</u> 2009 WL 4730709 (S.D. Ohio Dec. 10, 2009) ("this Court is not persuaded that *Powerex* abrogates the principle in *Rogers* that a post-removal stipulation does not divest a court of jurisdiction.")

Other Courts have continued to apply *Rogers,* without acknowledging that *Powerex* even exists. *See Wisniewski v. Cheema,* No. 09–10111, 2009 WL 2222581, at *2 n. 4 (E.D. Mich. July 22, 2009) (Not addressing Powerex and denying remand, despite post-removal stipulation, because Court was "not at liberty to disregard" *Rogers.*);

7

*MacKenzie v. GGNSC Stanford*, *LLC*, 2013 WL 6191853 (E.D. Ky. Nov. 26, 2013) (Denying motion to remand in compliance with *Rogers* as the post-removal stipulation was determined not to clarify, but to reduce request for damages).

The Sixth Circuit has very recently applied *Rogers,* in the case of *Shupe v. Asplundh Tree Expert Co.*, 13-5747, 2014 WL 2119151 (6th Cir. May 22, 2014), suggesting that it remains good law. Ultimately, as will be explained further, the question of *Rogers* potential abrogation is not important to the present case because the Court finds that Tankersley's stipulation presents a *clarification* rather than a *reduction* in the damages amount. As such, this district's framework regarding clarifications applies.

When a post-removal stipulation is the first specific statement of the alleged damages then it is considered a <u>clarification</u>, rather than a reduction, and the case may be remanded. This rule was originally stated in *Cole v. Great Atlantic & Pacific Tea Co.,* 728 F. Supp. 1305 (E.D. Ky. 1990), and, as multiple Courts have noted, survives the Sixth Circuit's opinion in *Rogers*, which neither overruled nor distinguished *Cole*. *Fenger,* 194 F. Supp. 2d at 605; *see also Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774 at FN4 (W.D. Ky. 2002). In *Cole*, a plaintiff alleged outrageous conduct and defamation in a Kentucky state court and requested an unspecified amount of relief. *Id*. at 1309. After the defendant removed the case to federal court, the plaintiff sought to remand the case by stipulating that the damages would not exceed the federal amount-in-controversy requirement. *Id*. at 1307. Based on this stipulation, as well as the dearth of information in the record as to the amount in controversy, the court found jurisdiction lacking and remanded the case. *Id.* at 1309. In light of *Cole*, courts in this district remand cases wherein the post-removal stipulation, that relief does not exceed $75,000, is

the first specific statement of the alleged damages and works to clarify the amount in controversy. *See Manning v. State Farm Fire & Cas. Co.*, 2011 WL 146391, at *2 (E.D. Ky. Jan. 18, 2011) ("As a result of the Kentucky rule prohibiting the plaintiff from specifically setting forth the alleged damages in the complaint, the Stipulation of Damages is the first specific statement of [the Plaintiff's] alleged damages in this case. [The Plaintiff's] stipulation, just as in *Cole,* did not change the information upon which State Farm relied; instead, the stipulation provided, *ab initio,* the specific damage amounts claimed."); *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 961 (E.D. Ky. 2009); *Fenger*, 194 F. Supp. 2d at 605; *see also Egan*, 237 F. Supp. 2d at 777 (Referencing *Cole* and adopting a similar rule, denying remand but holding "that where a plaintiff provides specific information about the amount in controversy for the first time, it should be deemed a *clarification* rather than a change.")

When a case is remanded on the basis of a post-removal stipulation then the plaintiff is bound to recover no more than the damages to which he stipulated upon his return to state court. As has been explained by one court in the Western District of Kentucky, post-removal stipulations are, like any other factual stipulations, binding:

> The United States Supreme Court determined that factual stipulations are "binding and conclusive ... and the facts stated are not subject to subsequent variation." *Christian Legal Soc 'y Chapter of the Univ. of Cal., Hastings Coll. of Law v. Martinez,* —— U.S. ——, 130 S.Ct. 2971, 2983, 177 L.Ed.2d 838 (2010) (quoting 83 C.J.S., *Stipulations* § 93 (2000)). Thus, a stipulation is an "express waiver made ... by the party or his attorney conceding for purposes of the trial the truth of some alleged fact." *Standard Fire Ins. Co. v. Knowles,* —— U.S.——, 133 S.Ct. 1345, 1348, 185 L.Ed.2d 439 (2013) (quoting 9 J. Wigmore, Evidence § 2588, 821 (J. Chadbourn rev.1981)).

*Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013). Other Courts in this district have come to the same conclusion, albeit by different means. Judge Forrester once provided the following warning to a party whose case was being remanded:

> Since this Court has adopted the position urged by the plaintiff (i.e., that her damages are limited to $54,000) in granting the present motion, the plaintiff would be prevented from later taking an inconsistent position (i.e., that her damages are actually greater than $54,000). *See, e.g., Colston Investment Co. v. Home Supply Co.,* 2001 WL 705638 (Ky. Ct. App.) ("The judicial estoppel doctrine protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.").

*Fenger,* 194 F. Supp. 2d 601, 605 (E.D. Ky. 2002); *See also*, *Ratliff v. Merck & Co., Inc.*, 359 F. Supp. 2d 571 (E.D. Ky. March 3, 2005); *Bowling v. Ryan*, 2005 WL 1875465 (E.D. Ky. July 29, 2005); *Hoop v. Wal-Mart Stores E., L.P.*, 2014 WL 1338704 (E.D. Ky. Mar. 31, 2014).

### 2

Did Tankersley's post-removal stipulation reduce or clarify his damage demand? If the post-removal stipulation is not the first reflection of the value of damages but, rather, *reduces* the amount of damages below the jurisdictional level of the Court then remand is not required. *Rogers*, 230 F.3d at 872. If, however, the post-removal stipulation is the first clear indication of damages then the stipulation will be treated as a *clarification* and remand is appropriate. *Cole,* 728 F. Supp. at 1305. This Court is convinced that Tankersely's stipulation clarifies, rather than reduces, his demand. The Court is not aware of any other inconsistent announcement that Tankesley had made about the damages he seeks in this case. Because of the Kentucky Rules of Procedure he was forbade from seeking a specific amount in his state complaint.

The Court is further convinced that the stipulation is unequivocal and binds

Tankersley to accept no more than the stipulated amount. This decision is consistent with the finding of numerous Courts in the Western District who have evaluated the exact same stipulation, provided by the same Counsel, in answering the same question. First, in *Spence v. Centerplate,* the court found that the stipulation under consideration, which was identical to the one submitted by Tankersley, was unequivocal and operated as "binding authority" on the plaintiff and made it so that the plaintiff "will be constrained to recovering an amount that is not to exceed $74,999." 931 F. Supp. 2d at 782. Again, in *Jester*, 2013 WL 6072994, at *2 (W.D. Ky. Nov. 18, 2013), the exact same stipulation was evaluated and it was decided to be unequivocal. In *Abrams v. Dakkota Integrated Sys.,* 2014 WL 2457513, at *2 (W.D. Ky. June 2, 2014) the court again concluded that the exact same language being used in this case was sufficiently unequivocal.[3]

As pointed out by Defendants, *Proctor v. Swifty Oil Co., Inc.,* 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012) does provide an example of a Court finding the exact language used in the present case to be equivocal. In short, the Court believes this decision to be an aberration. In coming to its conclusion, the Court cited its concern that the Kentucky Rules permit recovery in excess of what is pled. *Id.* As this Court has explained, sufficient safeguards exist to ensure that the plaintiff does not go back to state court and recover more than to what they currently stipulate.[4]

---

[3] It should be noted that the case was not remanded because the Court determined that the stipulation was being used to "reduce or change the amount in demand in order to achieve remand." *Abrams,* 2014 WL 2457513 (W.D. Ky. June 2, 2014).

[4] Principles of judicial estoppel and waiver, discussed *supra,* make Tankersley's stipulation binding so that his recovery must be limited to below the jurisdictional threshold of this Court. Should Tankersley later seek damages in excess of the amount provided in his stipulation then both sanctions and re-removal might be appropriate. This has been addressed recently by a Court in the Western District:

> While an unscrupulous party might seek to abuse the process, this court is placing absolute reliance upon counsel's statement limiting damages as an essential component of our order of remand. While the court has no doubt as to the unequivocal statement of the plaintiff, we note

**III**

The Court finds that Tankersley's stipulation is an unequivocal *clarification*, as opposed to a *reduction,* and so remand is appropriate under the teachings of *Cole,* 728 F. Supp. at 1307.  This stipulation both prevents this Court from exercising jurisdiction but also effectively prevents Tankersley from later receiving a greater award in the State Courts.

Accordingly, it is hereby **ORDERED** as follows:

(1) Tankersely's Motion [R. 4] is **GRANTED** and this case is **REMANDED** to Shelby Circuit Court;

(2) Martinrea's Motion to Strike [R. 14] is **DENIED**; and

(3) This matter is **STRICKEN** from this Court's active docket.

This 18th Day of July, 2014.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

---

that any attempt to void the commitment will be considered to be sanctionable conduct and may justify re-removal. *See, VanEtten v. Boston Scientific,* 2009 WL 3485909, *2 (W.D. Ky. Oct. 23, 2009); *Moore v. Humana Insurance Company,* No. 3:11 CV–46–S, DN 14. The motion to remand will therefore be granted.

*Jester,* 2013 WL 6072994, at *2 (W.D. Ky. Nov. 18, 2013).